LAWRENCE DARRIGAN *vs.* A. NATHAN WILLIAMS.

Suffolk.   December 12, 1907. — May 18, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Equitable Process after Judgment.   Interest.*

A judgment for the entire amount claimed in both counts of a declaration, the first count of which is for use and occupation of a house used by the defendant and his family from January to April, 1903, and the second count for interest on the amount claimed in the first count from the time of an alleged demand in January, 1905, to the date of the writ, is a judgment " founded upon a claim for the necessaries of life furnished to the judgment debtor or his family," upon which equitable process after judgment may issue under R. L. c. 168, § 80.

PETITION for a writ of certiorari directing the defendant, judge of the Municipal Court of the Roxbury District of the city of Boston, to revise an order dismissing a petition filed under R. L. c. 168, § 80, by the plaintiff as a judgment creditor against one Richard J. Riley, as a judgment debtor.

There was a hearing on the petition on a return by the respondent before *Sheldon,* J., who reserved the case for consideration of the full court.

The ground upon which the respondent dismissed the petition for equitable process after judgment was that the declaration in the action in which the judgment was rendered contained, besides a first count for use and occupation of certain premises from January, 1903, to April, 1903, a second count for interest upon the amount claimed in the first count from the time of an alleged demand in January, 1905, to the date of the writ, and, the judgment being for the whole amount claimed in both counts, he was of the opinion it was not a judgment " founded

upon a claim for the necessaries of life furnished to the judgment debtor." It was admitted that the claim set out in the first count of the declaration was for such necessaries.

O. O. *Partridge*, for the petitioner.

J. R. *Larkin*, for the respondent.

LORING, J. The ground on which the landlord in the original action claimed to be entitled to interest on the rent due was not that the rent was due on a fixed day, but that he had made a demand for the payment of it on January 1, 1905.

The amount due for rent on the day the demand was made was thus conceded to be $52. It was not paid then. The amount due for rent one year after the day of demand was such sum as is the equivalent of $52 on January 1, 1905. The sum due for rent on January 1, 1906, is due for rent and for rent only as much as that due on January 1, 1905. It is larger in amount because the rent was not paid when it should have been paid.

This is true although it is said that the interest in such a case is allowed as damages for the detention of the principal, and although in such a case it must be alleged in the declaration that a demand has been made. *Ordway* v. *Colcord*, 14 Allen, 59. *Pierce* v. *Charter Oak Ins. Co.* 138 Mass. 151.

It follows that the judgment and the whole of it was a judgment for necessaries within R. L. c. 168, § 80.

*Writ to issue.*